# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVATORE GALLUCCI, KIM JONES, DORIS PETTY, AMY ARONICA, JEANNE PRINZIVALLI individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOIRON, INC.; and BOIRON USA, INC.,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO. 11-CV-2039 JAH NLS<br>CLASS ACTION<br><br>**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLMENT, (2) CERTIFYING SETTLEMENT CLASS, (3) APPOINTING CLASS REPRESENTATIVES AND LEAD CLASS COUNSEL, (4) APPROVING NOTICE PLAN, AND (5) SETTING FINAL APPROVAL HEARING**<br><br>Judge:   Hon. John A. Houston<br>Date:    April 30, 2012<br>Time:    2:30 p.m. |

Plaintiffs[1] in this action, styled *Gallucci, et al. v. Boiron et al.*, Case No. 11-cv-2039 JAH NLS (S.D. Cal.) (the "Litigation"), and defendants Boiron Inc. and Boiron USA, Inc. ("Boiron" or the "Defendants"), after arms-length settlement discussions have entered into a Final Settlement Agreement ("Agreement") dated February 27, 2012, which, if approved, would resolve this putative class action.

The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

During the pendency of the Litigation, Class Counsel conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named plaintiffs' and class claims to determine how best to serve the interests of Plaintiffs and the Class. In the course of this extensive examination, Class Counsel reviewed approximately 400,000 documents, which consisted of scientific articles, marketing data, label and package mechanicals, sales figures, unit sales by region, and detailed financial information produced by Defendants. Class Counsel also consulted with a scientific expert, Noel Rose, Ph.D. Class Counsel conducted thorough review of the Food, Drug and Cosmetic Act, its numerous changes over the years, and the Act's implementing regulations. Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses raised by Defendants.

Class Counsel defended against two motions to dismiss brought by Defendants. Those motions were ultimately withdrawn by Defendants, and not re-noticed. Class Counsel also had to defend against a motion to appoint interim lead counsel, and an ex parte motion to intervene and stay proceedings filed by plaintiff in a related case and this action; and Class Counsel brought its own motion to consolidate and appoint lead class counsel in this action and the related action.

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Final Settlement Agreement ("Agreement").

The proposed settlement was reached only after this extensive investigation and discovery in the Litigation, and was the result of protracted negotiations conducted by the Parties with the assistance of Judge Leo Papas (Ret.).  The Parties engaged in 13 joint and individual mediations sessions with Judge Papas in order to reach the terms of the Agreement, over the course of six months.

Plaintiffs and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiffs and the Class would have prevailed at trial.  Notwithstanding, Plaintiffs and Class Counsel have agreed to settle the Action pursuant to the provisions of the Agreement, after considering, among other things: (i) the substantial benefits to Plaintiffs and the Class under the terms of this Agreement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to Defendants' defenses and the expense of additional motion practice in connection therewith; (iv) the issues relating to proving damages on an individual Class Member basis; (v) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vi) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiffs and the Class.

Plaintiffs and Class Counsel agree that this Agreement is fair, reasonable and adequate because it provides substantial benefits to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Action.

Defendants expressly deny any wrongdoing alleged in the pleadings in the Action, including all versions of the Complaint, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Action.  Defendants nonetheless consider it desirable for the Action to be settled and dismissed, because the proposed settlement will:  (i) avoid further expense and disruption of the management and operation of Defendants' businesses due to the pendency and defense of the Action;  (ii) finally put Plaintiffs' and the Class claims and the underlying matters to rest; and (iii) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiffs and the Class on the claims alleged in the First Amended Complaint in the Action.

The court has read and considered the Agreement and all exhibits thereto, including the proposed notices and claim form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) certifying a class for settlement purposes; (3) appointing Plaintiffs Salvatore Gallucci, Kim Jones, Doris Petty, Amy Aronica, Jeanne Prinzivalli as Class Representatives and their counsel as Class Counsel; (4) directing that Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Settlement Agreement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following certified Class:

> All persons in the United States who purchased the Products [as defined in Paragraph 1.27 and Exhibit D of the Agreement] from January 1, 2000 to Final Judgment in the Litigation ("the Class Period"). The Class expressly excludes Defendants and their officers, directors, employees and immediate families; and the Court, its officers and their immediate families. The Class also excludes claims for Children's ColdCalm made by members of the Class certified in the matter of *Delarosa v. Boiron, Inc. et al.*, No. 10-cv-1569-JST (C.D. Cal.) ("all persons who are domiciled or reside in California, who purchased Children's Coldcalm for personal use at any time during the four years preceding the filing" of the Complaint in that action. See *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582 (C.D. Cal. Aug. 24, 2011)) ("Delarosa Class Members"), but does not exclude claims made by Delarosa Class Members as to all other Products.

2. The Court finds, for purposes of settlement only, that the Settlement Class meets the requirements of Rule 23 of the federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only; in particular, each Class Members' claims depend on whether the representations made by Boiron on the packaging, labeling and advertising of the Products at issue in this litigation were misleading. The Plaintiffs' claims are typical of, indeed identical, to those of the Class, as the Plaintiffs were exposed to Boiron's claims and purchased the Products in reliance on those claims. The Plaintiffs and their counsel will fairly and adequately protect the interests of the Class as Plaintiffs have no interests antagonistic to the

Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Class.  Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

3. The Court approves Plaintiffs Salvatore Gallucci, Kim Jones, Doris Petty, Amy Aronica, Jeanne Prinzivalli as Class Representatives.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Plaintiffs' counsel, the Law Offices of Ronald A. Marron and the Weston Firm to serve as Class Counsel.

5. The Court preliminarily approves the Agreement, finding that its terms appear sufficient, and fair, reasonable and adequate to warrant dissemination of notice of the proposed settlement to the Class.  The Agreement contains no obvious deficiencies and the parties have entered into the Agreement in good faith, following arms-length negotiation between their respective counsel. The Court's approval of this Agreement is made subject to further consideration at the Final Approval Hearing Date.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Final Approval Hearing Date") on August 13, 2012, at 2:30 p.m., in the Courtroom of the Honorable John A. Houston, United States District Court for the Southern District of California, for the following purposes:

    a. finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23, and, thus, the Class' claims should be certified for purposes of effectuating the settlement;

    b. determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

    c. considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

    d. considering the application of the named Plaintiffs for class representative incentive awards, as provided for in the Agreement;

    e.  considering whether the Court should enter a Judgment, Final Order and Decree;

    f.  whether the release by the Settlement Class Members of the Released Claims as set forth in the Agreement should be provided; and

    g.  ruling upon such matters as the Court may deem just and appropriate.

7. Class Members must file and serve any objections to the proposed settlement no later than thirty (30) days prior to the Final Approval Hearing Date, including any memoranda and /or submissions in support of the objections, which deadline will be set forth in the Class Notice.

8. Any application for an award of attorneys' fees and costs and class representative incentive awards must be filed with the Court and served at least thirty seven (37) days prior to the Final Approval Hearing Date.

9. All papers in support of the Agreement, and the proposed Judgment, Final Order and Degree must be filed with the Court and served at least fourteen (14) days prior to the Final Approval Hearing Date.

10. The Court approves the form and procedure for disseminating notice of the proposed settlement to the Class as set forth in the Agreement. It finds that the Notice Plan the parties propose to give constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

11. Within thirty (30) days after the date of entry of this Order, the Defendants shall disseminate the Class Notice in the form attached hereto as Exhibit 1, Summary Notice in the form attached thereto as Exhibit 2, and the Claim Form in the form attached hereto as Exhibit 3. The manner and form of such dissemination is set forth in the Notice Plan attached as Exhibit F to the Agreement.

12. The Court approves the designation of Gilardi & Co. to serve as the Court-Appointed Class Action Settlement Administrator for the settlement. The Class Action Settlement Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

13. The Court directs the Class Action Settlement Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or via mail, the Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Agreement.  The Claim Form shall be made available to Class Members through the Settlement Website, no later than the Notice Date (defined below), and continuously thereafter through the Claim-In Period (defined below).

14. As set forth in the Agreement, the costs and expenses associated with the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Settlement Administrator and Class Notice expenses shall be paid from the Settlement Fund.

15. No later than fourteen (14) days prior to the Final Approval Hearing Date, Defendants, through their claims administrator, shall file an affidavit and serve a copy on Class Counsel, attesting that notice was disseminated as required by the terms of the Stipulation or as ordered by the Court.  Defendants, through their claims administrator, shall also notify Class Counsel of the costs of attaining the labeling changes per the injunctive relief set forth in the Agreement.

16. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

17. Any Class member who wishes to participate in the settlement shall complete a Claim Form and submit it to the Class Action Settlement Administrator no later than 45 days after the date the Court enters the judgment ("Claim-In Period").  Such deadline may be further extended without notice to the Class by Court order.

18. Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class.  Any such person must submit a completed request for exclusion to the Clerk of the Court postmarked or delivered no later than thirty (30) days before the Final Approval Hearing Date ("Opt-Out and Objection Deadline"), as set forth in the Class Notice.  Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

vi

*Gallucci, et al. v. Boiron, Inc., et al.,* Case No. 11-CV-2039 JAH NLS
ORDER

19. Any Class Member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the person is a member of the Class.  All persons who submit valid and timely requests for exclusion shall not be bound by the Stipulation or the Final Judgment and Order.

20. Any person falling within the definition of the Class may object to the Settlement Agreement.  Objections purportedly filed on behalf of groups of persons are prohibited and will be deemed void.  To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Action, and must contain the following information:  (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s); (v) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s); (vi) the payment terms of any fee agreement between the objector and the objector's attorney with respect to the objection; and (vii) any attorneys' fee sharing agreement or referral fee agreement between or among the objector, the objector's attorney, and/or any third party, including any other attorney or law firm, with respect to the objection.

21. If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and the attorney wishes to appear at the Final Approval Hearing, in addition to the foregoing requirements that attorney must (1) file both an entry of

vii

1  appearance and a notice of intention to appear and participate at the Final Approval Hearing with
2  the Clerk of the Court no later than thirty (30) days before the Final Approval Hearing, and (2)
3  mail copies of the entry of appearance and the notice of intention to appear and participate at the
4  Final Approval Hearing to Counsel for Defendants and Class Counsel, postmarked no later than
5  thirty (30) days before the Final Approval Hearing.

6      22.    A Class Member who appears at the Final Approval Hearing, either personally or
7  through counsel, will be permitted to argue only those matters that were set forth in the timely
8  and validly submitted written objection filed by such Class Member.  No Class Member shall be
9  permitted to raise matters at the Final Approval Hearing that the Class Member could have raised
10 in his/her written objection, but failed to do so, and all objections to the Settlement Agreement
11 that are not set forth in a timely and validly submitted written objection are deemed waived.

12     23.    If a Class Member wishes to present witnesses or evidence at the Final Approval
13 Hearing in support of a timely and validly submitted objection, all witnesses must be identified
14 in the objection, and true and correct copies of all supporting evidence must be appended to, or
15 filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting
16 evidence in this manner waives any right to introduce such testimony or evidence at the Final
17 Approval Hearing.  While the declaration described above is prima facie evidence that the
18 objector is a member of the settlement Class, Plaintiffs or Defendants or both may take discovery
19 regarding the matter, subject to Court approval.

20     24.    Any Class Member who fails to comply with the applicable provisions of the
21 preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or
22 she may have to object, appear, present witness testimony, and/or submit evidence, shall be
23 barred from appearing, speaking, and introducing any testimony or evidence at the Final
24 Approval Hearing, and shall be bound by all the terms of this Agreement and by all proceedings,
25 orders and judgments in the Litigation.

26   25. All objections must be filed with the Clerk and served on the parties' counsel no later
27 than Opt-Out and Objection Deadline.  Objections received after the Opt-Out and Objection
28 Deadline will not be considered at the Final Approval Hearing.  A Class Member's failure to

submit a written objection within the Opt-Out and Objection Deadline, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the settlement, the Agreement, attorneys' fees and costs, class representatives' incentive awards, or to appeal or seek other review of the Final Judgment and Order.

26. Class Members who do not oppose the settlement, the applications for attorneys' fees and costs, or class representative incentive awards need not take any action to indicate their approval.

27.  The date of April 30, 2012 set for hearing the instant motion is VACATED.

28.  Plaintiff's motion to consolidate and appoint interim class counsel [doc. # 12] is DENIED as moot.

IT IS SO ORDERED.

DATED: April 25, 2012

_____
John A. Houston
United States District Judge