Darrell Palmer (CA SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objectors David Johnson and Maria Carapia

FILED
2012 AUG -3 AM 8:59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVATORE GALLUCCI, AMY ARONICA, KIM JONES, DORIS PETTY, and JEANNE PRINZIVALLI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOIRON, INC., and BOIRON USA, INC.,<br><br>Defendant. | 3:11-cv-2039 JAH (NLS)<br><br>**OBJECTION TO MOTION FOR APPROVAL OF SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, AND NOTICE OF INTENT TO APPEAR**<br><br>Date: August 27, 2012<br>Time: 2:30 p.m.<br>Judge: John A. Houston<br>Courtroom: 11 |

Class Members Maria Carapia and David Johnson by and through the undersigned counsel, hereby objects to the Settlement Agreement preliminarily approved on April 25, 2012, and hereby notifies this Court of her intention to appear by and through the undersigned, to present argument in this matter at the Fairness Hearing currently set for August 27, 2012.

Objectors' address and telephone number may be obtained from their attorney and all communication should be directed to their attorney. Objector Carapia purchased Oscillococcinum at Walmart in Vista and Oceanside, CA during the approximate period of 2008-2010; objector Johnson

purchased Quiettude at Sprouts in Pacific Beach, during the period June 2011 through May 2012. Their declarations are attached.

The Settlement Agreement and Application for Attorneys' Fees should not be approved for the following reasons:

1. There is insufficient information provided in the Notice regarding attorneys' fees.

2. The application for attorneys' fees is incomplete without the billing records.

3. The fees must be awarded under California, not federal, law.

4. The attorneys' fee request is unreasonable.

5. There is no indication that the injunctive web page component has been made, as represented by Class Counsel.

6. The requirements for objecting are contrary to Ninth Circuit authority and the purposes for which Rule 23 was created.

I

**THE CLASS NOTICE PROVIDES NO INFORMATION TO THE CLASS REGARDING THE AMOUNT OF ATTORNEYS' FEES WHICH WILL REDUCE THE AMOUNT PAYABLE TO THE CLASS**

A trial court must approve a class action settlement agreement and may do so only after determining it is fair, adequate and reasonable. *Dunk v. Ford Motor Co.* 48 Cal.App.4th 1794, 1801 (1996). Applying California law is appropriate in this matter since the complaint arises under California law, as represented by Class Counsel in its motion for fees at page 2. Class Counsel even confesses that a "notice of motion is required, which is **ordinarily accomplished in a settlement class by including information about the hearing and motion within the class notice itself**." Motion for Fees (MFF) at 1. Despite this admission, Class Counsel provides no information in the Notice regarding how much of the common fund that it will seek, although this amount will reduce the amount of the funds available to

pay claims. This is fundamentally, and legally, insufficient notice to the class regarding the benefits available to them.

This Objector has reviewed the fee application, in which Class Counsel reveal that it intends to request 30% of the common fund. This is inappropriate for two reasons, which will be explored *infra* in greater depth, and are that a percentage is inappropriate in a fee-shifting case in California, and that the request appears to be greater than 30% and is not justified. Ultimately, however, the fact that Class Counsel failed to reveal the exact nature of the request in the Class Notice undermines a finding of fairness in the form of adequate disclosure of benefits in this matter.

## II.

## INSUFFICIENT INFORMATION IS AVAILABLE REGARDING THE REASONABLENESS OF THE REQUESTED ATTORNEYS' FEES

Class Counsel submits summaries of its hours in support of its fee motion, but applicable Ninth Circuit case law indicates this may be insufficient. In *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), the court stated that:

> Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.

*Mercury*, 618 F.3d at 994. The language "inquire into the bases for various charges," and "adequately documented and supported" necessarily involves the production of contemporaneous time records and the *Mercury* court expressly so holds:

> Teachers could make only generalized arguments about the size of the total fee because they were only provided with generalized information. Teachers could not provide the court with critiques of the specific work done by counsel when they were furnished with no information of what that work was, how much time it consumed, and whether and how it contributed to the benefit of the class.

618 F.3d at 994. This is also supported by the Supreme Court's decision in *Hensley v. Eckerhart,* 461 U.S. 424 (1983): "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." 461 U.S. at 436. The Ninth Circuit has also held that <u>time records</u>, not summaries, must be produced, to support class counsel's fee application:

> While the district court did have evidence of Intel's hours expended and its customary fees, the court made no findings that the hours expended were reasonable and that the hourly rates were customary. The order merely awarded the fees without elaboration. **"Such a procedure is inadequate."** *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 (9th Cir. 1984). That is particularly true where, as here, the requesting party submits **mere summaries** of hours worked. As Terabyte pointed out to the district court, those summaries alone made it very difficult to ascertain whether the time devoted to particular tasks was reasonable and whether there was improper overlapping of hours. Terabyte was not required to take Intel's word that every hour was needed and all overlap had been eliminated. While summaries can be used in proper circumstances, the underlying material must be made available. Fed. R. Evid. 1006. Under our adversary system, Terabyte was entitled to see just what was charged and why. What may seem obvious to Intel and to the district court is not obvious to us. That, among other reasons, explains our long-standing insistence upon a proper explanation of any fee award.

*Intel Corp. v. Terabyte Intern., Inc.,* 6 F.3d 614, 623 (9th Cir. 1993)(emphasis added). The court set aside the fee award and remanded it for further consideration. Just as the court noted that the adversary has the right to examine the fee application, the class members are the only adversaries once the parties settle, since the settling parties present only a united front to the court in their effort to finalize their agreement: "Class Counsel and defendants' counsel may reach a point where they are cooperating in an effort to consummate the settlement." *Great Neck Capital Appreciation Inv. Partnership, L.P. v. Pricewaterhouse Coopers, LLP,* 212 F.R.D. 400, 412 (E.D.Wis. 2002). Further, "Courts, too, are often inclined toward favoring the settlement, and the general atmosphere may become largely cooperative." *Id.* It is for this reason that the *Mercury* court determined that class members, as the only remaining "adversaries" to the litigation, are entitled to examine the bases for the fee awards, as described in *Intel*.

For these reasons, Objector proposes that the time records be made available for inspection by class members.

# III

## CALIFORNIA LAW APPLIES WITH RESPECT TO AWARDING ATTORNEYS' FEES

The necessity of applying individual state remedies under consumer protection acts has a corresponding necessity to analyze the fee requests under each state's law. As stated above, Class Counsel has admitted that California law is the applicable standard with respect to determination of attorneys' fees. MFF at 1-2.

Despite this agreed standard, Class Counsel departs from this by requesting a 30% fee from the common fund. This is particularly interesting, given that Class Counsel cites a fee-shifting statute approving fees in CLRA cases. MFF at 1-2. A percentage of the common fund is particularly **inappropriate** in a fee-shifting case under both California <u>and</u> federal law.

In *Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1809 (1996), the court stated that "The award of attorney fees based on a percentage of a "common fund" recovery is of questionable validity in California." The California Supreme Court, in *Serrano v. Priest* 20 Cal.3d 25 (1977) (*Serrano III*), made it clear that "the starting point of every fee award . . . must be a calculation of the attorney's services in terms of the time he has expended on the case. Anchoring the analysis to this concept is the only way of approaching the problem that can claim objectivity, a claim which is obviously vital to the prestige of the bar and the courts." *Id.* at 48, n 23. Other cases confirm that the lodestar method is required in all cases, including those involving common funds. *See, Leallao v. Beneficial California, Inc.* 82 Cal.App.4th 19, 37-39 (2000); *Dunk v. Ford Motor Co.* 48 Cal.App.4th 1794, 1809-11 (1996). Furthermore, although a multiplier may be applied for and awarded, such an award is not automatic but is based upon a variety of factors including the novelty of the case, the skill and expertise of counsel, and the benefit conferred on the Class. In short, this issue is hardly ripe for discussion until the fee

application is fully complete and available to the entire class, preferably on a settlement website for all to see.

Ninth Circuit federal law agrees, and explicitly disapproves of a percentage award when there is a fee-shifting statute:

> The **lodestar** method is appropriate in class actions brought under fee-shifting statutes (such as federal civil rights, securities, antitrust, copyright, and patent acts), where the relief sought – and obtained – is often primarily injunctive in nature and thus not easily monetized.

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)(emphasis added). Accordingly, the request for fees based upon a percentage of the common fund is inappropriate and not supported by California **or** federal case law. The request should therefore be based solely upon a lodestar analysis.

## IV

## THE ATTORNEYS' FEE REQUEST IS UNREASONABLE

Compounding the lack of disclosure to the class with respect to how much of the fund Class Counsel intends to seek and the fact that Class Counsel is not entitled to a percentage of the common fund, the request appears unreasonable.

Even if the percentage approach were appropriate, it is too high. The 25% Ninth Circuit benchmark is likely sufficient compensation for this 7-month long case.

This Objector takes issue with the injunctive component being included for valuation purposes. Class Counsel explicitly states that it will **cost** Defendant approximately $7 million to relabel and remarket its products as a result of the settlement. Class Counsel does not explain how cost is equivalent to value. In fact, cost does not equal value. Class Counsel has not submitted any evidence regarding the value of these injunctive measures to the class, only how much it will cost Defendant to implement them. As such, the injunctive component cannot be factored into any percentage analysis in this matter, a fact noted by the court in *Bluetooth* above: "The **lodestar** method is appropriate in class actions . . . where the relief sought – and obtained –

is often primarily injunctive in nature and thus not easily monetized." 654 F.3d at 941. For this reason, this Objector strenuously objects to any fee consideration which would include the <u>cost</u> to Defendant of the proposed injunctive relief.

Finally, with respect to the requested lodestar multiplier of 1.99, Class Counsel cites the case of *Greene v. Dillingham,* 101 Cal.App.4th 418 (2002), for the proposition that a contingency fee compared to an hourly fee is unreasonable given the element of risk in payment. MFF at 15. This contention, however, differs from more recent Supreme Court jurisprudence on this issue:

> There is a strong presumption that the lodestar is sufficient; factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar; and a party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified.

*Perdue v. Kenny A.,* 130 S.Ct. 1662, 1669 (2010). Objector contends that in this matter, Class Counsel has not met its burden of proving that its lodestar figure with its hourly rates does not sufficiently compensate counsel for its efforts, consistent with the Supreme Court's pronouncement on this issue.

## V
## IT DOES NOT APPEAR THAT DEFENDANT HAS COMPLIED WITH THE INJUNCTIVE COMPONENT, CAUSING CONCERN WHETHER IT WILL AT ALL

Class Counsel represents in its Motion for Fees that the injunctive component requiring Defendant to update its website to include clear, understandable language regarding the dilution factor in its products **has already been** made. MFF at 12. Despite this Objector's best efforts negotiation the website, she could not find any link on the home page to any information regarding dilution issues, nor did it appear that this information was available on the products page, or even on a specific product's page.

This lack of dilution information, which apparently is a major component of the injunctive relief, was not readily apparent or available to this class member, and therefore causes concern as to whether this major component will be manifest at all. Until there is indication that this component has in fact been implemented, as already represented by Class Counsel, Objector contends that the settlement cannot be approved.

# VI
# THE PROCEDURAL HURDLES IN THE NOTICE WITH RESPECT TO OBJECTORS UNDERMINES RULE 23 AND ARE LEGALLY INSUPPORTABLE

Objectors play a critical role in assuring that settlements and attorneys fees are reasonable and fair, which is why their existence is assured and guaranteed under Rule 23(e)(5). Several cases have discussed why objectors are necessary to the class settlement process, including *Vollmer v. Selden* 350 F.3d 656 (7th Cir. 2003):

> Class counsel, for instance, might settle claims for significantly less than they are worth, not because they think it is in the class's best interest, but instead because they are satisfied with the fees they will take away. [Citation.] Intervenors counteract any inherent objectionable tendencies by reintroducing an adversarial relationship into the settlement process and thereby improving the chances that a claim will be settled for its fair value. . . . The slightness of individual recovery does not make the counsel's purpose invalid nor his role as objector less **vital.**

350 F.3d at 660 (emphasis added). Other cases agree that objectors add value to the class settlement. *See, Rodriguez v. West Publishing* 563 F.3d 948 (9th Cir. 2009):

> The court was not focused on the incentive agreements before Objectors took exception to them after the motion to award payments to the class representatives was filed. In the wake of that objection, the court denied the motion for incentive awards in its entirety because the amounts requested were unreasonable and the incentive agreements were inappropriate and contrary to public policy. **The net effect was to leave $325,000 in the settlement fund** – for distribution to the class as a whole – that otherwise would have gone to the class representatives. Given this, we cannot let stand a ruling that Objectors did nothing that increased the fund or substantially benefitted the class members.

563 F.3d at 963. *See also, In re General Motors Corp.*, 55 F.3d 768, 803 (3rd Cir. 1995)("Where there is an absence of objectors, courts lack the independently-derived information about the merits to oppose proposed settlements."). This "independent" information provided by objectors' counsel complements the Court's fiduciary role in protecting the class members, rather than detracting from it, and prevents a rubber stamp of a settlement which may not have resolved the issues in favor of the class members.

Despite the critical role objectors are designed to play in the settlement process, Class Counsel has erected procedural hurdles to making an objection which are in themselves patently objectionable. Class Counsel requests that an objector must disclose whether she has made other objections in the past, and the outcome of those objections, together with the professional history of objections filed by objector's counsel, if applicable. These requirements are not indicated by Rule 23 whatsoever, and Ninth Circuit courts have disapproved of such tactics with respect to characterizing objector counsel:

> The Objectors here have raised serious, legitimate concerns about the adequacy of the proposed settlement. . . . First, Plaintiffs attack many of the Objectors' counsel because they have represented objectors in other actions in the past. This has no greater bearing on the merits of the objections raised than a plaintiff's counsel's experience in filing class action suits speaks to the merits of claims he brings. [¶] Second, Plaintiffs suggest that the Court should not give weight to the objections of the Goldberg objectors, as they are all attorneys. Plaintiffs cite no authority for this proposition, and the Court sees no reason why it should give less consideration to the views of any class member simply because of his or her profession.

*True v. American Honda Motor Co.*, 749 F.Supp.2d 1052, 1079 (C.D.Cal. 2010)(J. Phillips). The present requirements go one step further, and attack a class member's ultimate right to object, by requesting information regarding a class member's history. A class member in one action may be a class member in several actions over the course of a lifetime, as is clear from the number of class action settlement notices people regularly receive in the mail or notice in publications. There is no indication that Rule 23 limits a person's right to participate in a class action process because he fortuitously is a class member in multiple actions. In each case, the class member is releasing rights against a putative defendant. In each case, the class member has the statutory right to express her opinion regarding the fairness of the settlement. Class Counsel's transparent attempt to limit that right must be rejected by the Court.

Finally, in one further assault to class members' Rule 23 right to participate, the Notice indicates that if class members intend to appear at the fairness hearing, this intention must be lodged by July 14, rather than the July 27 objection deadline. This is inherently inconsistent and confusing, and underscores Class Counsel's desire to have the Court rubberstamp its proffered settlement agreement without the benefit of critical analysis by participating class members.

## VII

## NOTICE OF JOINDER

This Objecting class member herein also joins in all other well-taken objections filed by other objectors in this litigation.

## VIII

## CONCLUSION

WHEREFORE, This Objector respectfully requests that this Court:

A. Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

C. Continue, or bifurcate, the Fairness Hearing until such time that this Objector has had an opportunity to review Class Counsel's Complete Fee Application.

D. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Dated: July 27, 2012

LAW OFFICES OF DARRELL PALMER

By: _____
Darrell Palmer, Attorney for Objectors

| | |
|---|---|
| 1 | Darrell Palmer (CA SBN 125147)<br>Email: darrell.palmer@palmerlegalteam.com |
| 2 | Janine R. Menhennet (SBN 163501)<br>Law Offices of Darrell Palmer |
| 3 | 603 North Highway 101, Ste A<br>Solana Beach, California 92075 |
| 4 | Telephone: (858) 792-5600<br>Facsimile: (858) 792-5655 |
| 5 | |
| 6 | Attorney for Objector |

FILED
2012 AUG -3 AM 8:59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SALVATORE GALLUCCI, AMY ARONICA, KIM JONES, DORIS PETTY, and JEANNE PRINZIVALLI, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

BOIRON, INC., and BOIRON USA, INC.,

Defendant.

3:11-cv-2039 JAH (NLS)

DECLARATION OF DAVID JOHNSON IN SUPPORT OF OBJECTION TO MOTION FOR APPROVAL OF SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, AND NOTICE OF INTENT TO APPEAR

Date: August 27, 2012
Time: 2:30 p.m.
Judge: John A. Houston
Courtroom: 11

I purchased Quietude at Sprouts in Pacific Beach during the approximate period of June 2011 to May 2012.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: July 27, 2012

_____
David Johnson

0

3:11-cv-2039 JAH (NLS)
DECLARATION OF DAVID JOHNSON

| | |
|---|---|
| 1 | Darrell Palmer (CA SBN 125147)<br>Email: darrell.palmer@palmerlegalteam.com |
| 2 | Janine R. Menhennet (SBN 163501)<br>Law Offices of Darrell Palmer |
| 3 | 603 North Highway 101, Ste A<br>Solana Beach, California 92075 |
| 4 | Telephone: (858) 792-5600<br>Facsimile: (858) 792-5655 |
| 5 | |
| 6 | Attorney for Objectors David Johnson and Maria Carapia |

FILED
2012 AUG -3 AM 8:59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SALVATORE GALLUCCI, AMY ARONICA, KIM JONES, DORIS PETTY, and JEANNE PRINZIVALLI, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

BOIRON, INC., and BOIRON USA, INC.,

Defendant.

3:11-cv-2039 JAH (NLS)

DECLARATION OF MARIA CARAPIA IN SUPPORT OF OBJECTION TO MOTION FOR APPROVAL OF SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, AND NOTICE OF INTENT TO APPEAR

Date: August 27, 2012
Time: 2:30 p.m.
Judge: John A. Houston
Courtroom: 11

I purchased Oscillococcinum at Walmart in Vista and Oceanside, CA during the approximate period of 2008-2010.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: July 27, 2012

*Maria Carapia* (signed)

0

11-cv-2039 JAH (NLS)
DECLARATION OF MARIA CARAPIA