UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVATORE GALLUCCI, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br>v.<br><br>BOIRON, INC., and BOIRON USA, INC.,<br><br>           Defendants. | Civil No. 11cv2039 JAH(NLS)<br><br>**FINAL JUDGMENT AND ORDER: (1) APPROVING CLASS ACTION SETTLEMENT, (2) AWARDING CLASS COUNSEL FEES AND EXPENSES, (3) AWARDING CLASS REPRESENTATIVES INCENTIVES, (4) PERMANENTLY ENJOINING PARALLEL PROCEEDINGS, AND (5) DISMISSING ACTION WITH PREJUDICE** |

Currently pending before the Court is Plaintiffs' Motion for Final Approval of the Settlement Agreement and Plaintiffs' Motion for Attorneys' Fees and Incentive Awards for the Named Plaintiffs. After consideration of the Parties' briefs and the briefs submitted by the objectors to the Settlement, along with the argument presented by all parties and objectors at the hearing, this Court GRANTS Final Approval of the Settlement.

## **PROCEDURAL HISTORY**

Plaintiff Salvatore Gallucci originally filed a complaint on September 2, 2011 against Boiron, Inc. and Boiron USA, Inc. (collectively "Boiron" or "Defendants"). On February 6, 2012, Mr. Gallucci, Amy Aronica, Kim Jones, Doris Petty, and Jeanne Prinzivalli (collectively, "Plaintiffs" or "Named Plaintiffs") filed a First Amended

1  Complaint (the "FAC") alleging violations of California's Unfair Competition Law, Bus.
2  & Prof. Code §§ 17200, et seq., False Advertising Law, *id.* §§ 17500, et seq., and
3  Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.

Boiron manufactures and distributes in the United States over 200 homeopathic Products at issue in this Settlement. Plaintiffs allege that Boiron's labeling and advertising of its homeopathic Products are false and misleading. Boiron moved to dismiss Plaintiffs claims, inter alia, as preempted by federal law, which Plaintiffs opposed, but Boiron later withdrew its motions in order to engage in settlement discussions.

On April 25, 2012, the Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) Certifying Settlement Class, (3) Appointing Class Representatives and Lead Class Counsel, (4) Approving Notice Plan, and (5) Setting Final Approval Hearing (Doc. # 89, "Preliminary Approval Order"), in which it preliminarily approved the Settlement (Doc. # 64-2, Ex. A, "Settlement Agreement"). The Court also scheduled a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interests of the Class and free from collusion, such that the Court should grant Final Approval of the Settlement, and to consider Plaintiffs' motion for an award of attorneys' fees, costs and litigation expenses, and incentives for the Class Representatives ("Fairness Hearing"). *See* Doc. # 89, Doc. # 91 (Order Resetting Fairness Hearing).

The Court has considered:

1. the points and authorities submitted by Plaintiffs in support of the motion for final approval of the Settlement ("Final Approval Motion");
2. the points and authorities submitted by Plaintiffs in support of the motion for an award of attorneys' fees and litigation expenses, and approval of incentive awards for the Class Representatives ("Fee Motion") (Doc. # 93);
3. Defendants' memorandum in support of final approval of the Settlement;
4. the declarations and exhibits submitted in support of said motions;
5. the Settlement Agreement (Doc. # 64-2, Ex. A);
6. the entire record in this proceeding, including but not limited to the points and

|   |   |   |
|---|---|---|
| 1 |   | authorities, declarations, and exhibits submitted in support of preliminary approval |
| 2 |   | of the Settlement, filed March 6, 2012 (Doc. # 64); |
| 3 | 7. | the Notice Plan providing notice to the Class; |
| 4 | 8. | the existence of only three objections to and two exclusions from the Settlement; |
| 5 | 9. | the absence of any objection or response by any official after the provision of all |
| 6 |   | notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715; |
| 7 | 10. | the oral presentations of Class Counsel, Counsel for Boiron, and objector(s) at the |
| 8 |   | Fairness Hearing; |
| 9 | 11. | this Court's experiences and observations while presiding over this matter, and the |
| 10 |   | Court's file herein; and |
| 11 | 12. | the relevant law. |

Based upon these considerations and the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Judgment and Order (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice ("Final Approval Order"), and good cause appearing,

**IT IS HEREBY ORDERED AND DECREED**:

**1.     Definitions.** The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement or, if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

**2.     Incorporation of Documents.** This Final Approval Order incorporates the Settlement Agreement, filed as Exhibit A to the Declaration of Ronald A. Marron in support of preliminary settlement approval on March 6, 2012, including all exhibits thereto (Doc. # 64-2), the Court's findings and conclusions contained in its Preliminary Approval Order dated April 25, 2012 (Doc. # 89, "Preliminary Approval Order"); and the Order Granting Joint Motion to Modify Settlement Agreement's Class Period Definition (Doc. #121).

**3.     Jurisdiction.** The Court has personal jurisdiction over the Parties, the Class Members, including objectors, and Defendants. The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, including the Released Claims, to adjudicate any objections submitted to the proposed Settlement, and to dismiss this action with prejudice. All Class Members who did not exclude themselves according to the Court's prior orders and the terms of the Class Notices have consented to the jurisdiction of this Court for purposes of this action and the Settlement of this action.

## **FINDINGS AND CONCLUSIONS**

**4.     Definition of the Class and Class Members.** The Court's Preliminary Approval Order defines the "Class," which is comprised of the "Class Members," as follows:

> All persons in the United States who purchased the Products [as defined in Paragraph 1.27 and Exhibit D of the Agreement] from January 1, 2000 to Final Judgment in the Litigation (the "Class Period"). The Class expressly excludes Defendants and their officers, directors, employees and immediate families; and the Court, its officers and their immediate families. The Class also excludes claims for Children's ColdCalm made by members of the Class certified in the matter of Delarosa v. Boiron, Inc. et al., No. 10-cv-1569-JST (C.D. Cal.) ("all persons who are domiciled or reside in California, who purchased Children's Coldcalm for personal use at any time during the four years preceding the filing" of the Complaint in that action." *See* Delarosa v. Boiron, Inc., 275 F.R.D. 582 (C.D. Cal. Aug. 24, 2011)) ("Delarosa Class Members"), but does not exclude claims made by Delarosa Class Members as to all other Products.

This Court, upon the joint motion of the parties, modified the class period definition from January 1, 2000 through Final Judgment contained in paragraph 1.7 of the Settlement Agreement to read "'Class Period' means January 1, 2000 through July 27, 2012." *See* Doc. # 121. The Court affirms its certification of the Class for settlement purposes, as set forth in the Preliminary Approval Order. All Class Members are subject to this Final Approval Order and the Final Judgment to be entered by the Clerk of Court in accordance herewith.

//

### 5. Class Certifications (Rule 23)

#### A. Numerosity

Boiron's sales in the United States number in the millions annually. *See* Decl. of Janick Boudazin in Supp. of Final Approval ¶ 5. For the purposes of this Settlement, no party or objector contests numerosity. The Court finds that the Class is sufficiently numerous that joinder of all class claims is impracticable. Fed. R. Civ. P. 23(a)(1).

#### B. Commonality

The Court finds that there are questions of law and fact common to the Class, as to whether Boiron made false or deceptive advertising claims about its Products. All Class Members allege the same injury: loss of money spent purchasing the allegedly deceptive-labeled Products. Resolution of the common questions about whether Boiron's labeling claims were deceptive would resolve the claims in one stroke. For the purposes of this Settlement, the parties and objectors do not contend the Class lacks commonality. Accordingly, the Court affirms its prior ruling under Rule 23(a)(2).

#### C. Typicality

The Court finds that Plaintiffs' claims are reasonably co-extensive with those of the other Class Members so as to meet Rule 23(a)(3)'s requirements. Indeed, they are identical. Some objectors object on the basis that the Settlement involves products that the Named Plaintiffs may not have purchased. Nevertheless, Plaintiffs' First Amended Complaint concerns all of Boiron's products, *see* Doc. # 57 ¶¶ 2, 11, 60-63, and typicality is a "permissive" standard under which "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). The Court therefore overrules the objection on typicality. The Court also affirms its prior order, finding that the Plaintiffs' claims are reasonably coextensive with those of the Class.

//
//
//

### D. Adequacy of Class Representative

Having considered the factors set forth in Rule 23(g)(1), the Court finds that Plaintiffs and Class Counsel are adequate class representatives. Class Counsel have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members. The Court hereby affirms its appointment of the Law Offices of Ronald A. Marron and the Weston Firm as Class Counsel. The Court also affirms its appointment of the Named Plaintiffs as Class Representatives, finding that they possess no interests adverse to the Class and are adequate to represent the Class.

Certain Objectors contend that Class Counsel is inadequate, asserting counsel is unqualified, and alleging "there is considerable evidence of collusion in the settlement" (Doc. # No. 96 at 21-23), but objectors offer no evidence to support their claims. The Court finds that there is no evidence of collusion in the settlement. Rather, Mr. Gonzales' counsel was invited to participate in the mediation of this case and declined. Retired Judge Leo S. Papas participated in 13 joint and independent mediation sessions with the parties, and found no evidence of collusion. This Court reviewed the parties' preliminary approval papers, and found no evidence of collusion.

Objectors also present no credible evidence to support a finding that Class Counsel lack the qualifications to represent the Class in this action. Objectors submit two pieces of evidence on this point. The first is a case citation to a ruling by the Honorable Judge George H. Wu of the Central District as to the Weston Firm. In <u>Red v. Kraft Foods, Inc.</u>, No. 10-cv-1028-GW (C.D. Cal.), Doc. # 212 at 16-17, Judge Wu found there was no basis for precluding the appointment of that firm as class counsel. The second is a citation to a ruling in a pending lawsuit filed by Objectors Fernandez, Martinez, O'Dell, Lanigan, and Rangel in the United States District Court, Central District of California. *See* <u>Fernandez v. Boiron, Inc.</u>, *et al.*, No. SACV-11-01867 (C.D. Cal.), Doc. # 66 at 4-5. Class Counsel do not represent any parties in that case, and could not have submitted briefing on the issues considered by the Honorable Josephine S. Tucker. Further, Judge Tucker correctly deferred the decision on the fairness of the Settlement to this Court, and this

Court has found no credible evidence of collusion, lack of fairness, reasonableness or adequacy of the Settlement. Id. The objections are accordingly overruled.

### E. Rule 23(b) Has Been Satisfied

For the purposes of this Settlement, the parties and the Objectors do not contend that the elements of Rule 23(b)(3) have not been met. The Court finds that questions of law and fact as to whether a reasonable consumer would find the Products' packaging deceptive predominate over individual questions. Plaintiffs allege a common injury on behalf of the class, specifically the loss of the purchase price of the Products, and the Products' respective packaging was standard across the United States. The Court also finds that resolution on a class-wide basis is superior for purposes of judicial efficiency and to provide a forum for absent Class members, who are unlikely to bring individual suits to recover the sum of $10. The Court therefore affirms its prior ruling that the Class satisfies Rule 23(b)(3).

**6.     The Settlement.** The Court finds that the Settlement is fair, reasonable, and adequate to the Class in light of the complexity, expense, and likely duration of the litigation (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the action as a class action, through trial and appeal. *See* Rodriguez v. West Publishing Corp., 563 F.3d 948, 963 (9th Cir. 2009). The Settlement is the result of arms-length negotiation and there is no evidence of collusion or other conflicts of interest between Plaintiffs, Class Counsel and the Class. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).

A.     The Parties reached the proposed Settlement only after proceeding with voluntary investigation and discovery in this action, and following protracted negotiations before a capable and well-respected mediator, the Honorable Judge Leo S. Papas (Ret.) of Judicate West. Between November 2011 and March 2012, the Parties engaged in extensive negotiations, including 13 joint and individual mediation sessions with Judge Papas, in order to reach agreement over the specific terms of the proposed Settlement.

Plaintiffs and Class Counsel maintain that this action and the claims asserted herein are meritorious and that Plaintiffs and the Class would have prevailed at trial. Notwithstanding, Plaintiffs and Class Counsel have agreed to settle the action pursuant to the provisions of the Settlement, after considering, among other things: (i) the substantial benefits to Plaintiffs and the Class under the terms of the Settlement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to Defendants' defenses and the expense of additional motion practice in connection therewith; (iv) the potential issues relating to proving damages on an individual Class Member basis; (v) the attendant risks, difficulties and delays inherent in litigation, especially in complex actions such as this; and (vi) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiffs and the Class. Plaintiffs and Class Counsel agree that the Settlement is fair, reasonable and adequate because it provides substantial benefits to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this action.

Defendants expressly deny any wrongdoing alleged in the pleadings in the action, including all versions of the Complaint, and do not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the action. Boiron has asserted that it sells and manufactures its products in accordance with well-recognized and widely-accepted homeopathic principles that have been adopted by the Food and Drug Administration ("FDA"). The FDA polices and enforces federal rules and regulations regarding homeopathic drug labels—rules and regulations with which Boiron avows it is in compliance. Further, Boiron has proffered expert testimony and two clinical studies that support its claims on the Oscillococcinum package. Defendants nonetheless consider it desirable for the action to be settled and dismissed because the proposed Settlement will: (i) avoid further expense and disruption of the management and operation of Defendants' businesses due to the pendency and defense of the action; (ii) finally put Plaintiffs' and the Class' claims and the underlying matters to rest; and (iii) avoid the substantial

1  expense, burdens, and uncertainties associated with a potential finding of liability and
2  damages on the claims alleged in the FAC.
3     Based upon the stage of litigation reached concerning relevant legal issues and the
4  parties' exchange of information through their voluntary discovery process, Plaintiffs and
5  Defendants were fully informed of the legal bases for the claims and defenses herein, and
6  capable of balancing the risks of continued litigation and the benefits of the Settlement.
7  Class Counsel and Boiron's counsel are highly experienced civil litigation lawyers with
8  specialized knowledge in food and drug labeling issues, and complex class action litigation
9  generally. Class Counsel and Boiron's counsel are capable of properly assessing the risks,
10 expenses, and duration of continued litigation.
11     B.   The Settlement provides for fair, reasonable, and adequate cash
12 payments and/or other monetary benefits to every Class Member, with a common fund
13 of $5 million and payments of up to $100 per Class Member who submits proof(s) of
14 purchase for the Products with a Claim Form, and up to $50 per Class Member who does
15 not submit receipts or evidence of purchase (such as packaging), but who signs a Claim
16 Form under penalty of perjury. No portion of the substantial Settlement relief will revert
17 to Defendants. Any excess monies in the Settlement Fund, after payment of all Valid
18 Claims, shall be distributed as follows: (i) 50% as a pro rata supplemental cash payment
19 to all Class Members that submitted a Valid Claim Form, and (ii) 50% as *cy pres* relief to
20 Consumers Union, a non-profit organization dedicated to enhancing consumer
21 understanding in the realm of food and drug labeling.
22     The Settlement also affords meaningful injunctive relief. First, in order to address
23 concerns that consumers may not be aware that homeopathic products have not been
24 subject to the same FDA scrutiny as allopathic drugs, Boiron has agreed to provide the
25 following FDA Disclaimer to inform consumers with regard to the Products' claims of
26 efficacy: "These 'Uses' have not been evaluated by the Food and Drug Administration."
27 Settlement Agreement ¶ 4.1.2. Second, to address Plaintiffs' concern that homeopathic
28 labels do not sufficiently explain the concept of a homeopathic dilution, Boiron has agreed

to provide a Dilution Disclaimer in close proximity to the Drug Facts on each of its labels which shall state: "C, K, CK, and X are homeopathic dilutions: see www.[link created pursuant to ¶ 4.14 of the Settlement] for details." Id. ¶ 4.1.3. The identified webpage shall provide consumers a more detailed explanation of the dilutions. Id. ¶ 4.1.4.3.

The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiffs and the Class would receive less than the Settlement relief or take nothing at trial. The relief offered by the Settlement is fair, reasonable, and adequate in view of these factors.

C. The Court has found no evidence of collusion. The Settlement resulted from extensive arms-length negotiation. Up to and through Settlement, both parties have vigorously litigated and negotiated this action.[1] Further, the Court has evaluated the factors set forth by the Ninth Circuit and determined that there was no collusion. *See* In re Bluetooth, 654 F.3d at 947. Class Counsel has requested 30% of the Settlement Fund, which is within the range Courts have allowed in the Ninth Circuit. Id. Defendants also retained the right to oppose the Fee Motion, and the Settlement Agreement contains no "clear sailing" provision. Id. No portion of the Settlement Fund reverts to Defendants. Id. The parties also agreed to the terms of the Settlement before discussing attorneys' fees, another factor which weighs against a finding of collusion. *See, e.g.* Weeks v. Kellogg Co., 2011 U.S.Dist. LEXIS 155472 at *83 (C.D. Cal. Nov. 23, 2011).

D. The response of the Class to this action, the certification of a class, and the Settlement, including Class Counsel's application for an award of attorneys' fees, litigation expenses, and the Class Representatives' incentives, after full, fair, and effective

---

[1] Class Counsel conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named Plaintiffs' and Class claims, to determine how best to serve the interests of Plaintiffs and the Class In the course of this examination, Class Counsel reviewed approximately 400,000 pages of documents produced by Defendants, consisting of scientific articles, marketing data, label and package mechanicals, sales figures, unit sales by region, and detailed financial information. Class Counsel also consulted with a scientific expert, Noel R. Rose, M.D., Ph.D.

notice thereof, strongly favors final approval of the Settlement. Out of the estimated millions who received Notice, including over 300 direct-mailed notices, only two class members submitted valid requests for exclusion. Moreover, only three Objections were filed, on behalf of nine persons, which the Court has considered and addresses below.

**7.     Notice to the Class.** The Class has received the best practicable notice in light of the fact that Boiron does not collect or maintain information sufficient to identify Class Members. The Parties' selection and retention of Gilardi & Co. as the Settlement Administrator was reasonable and appropriate. Based on the Declaration of Markham Sherwood of Gilardi & Co., the Court hereby finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order. The Settlement Notices provided fair and effective notice to the Class of the Settlement and the terms thereof. The Notices also informed the Class of Plaintiffs' intention to seek attorneys' fees, costs, and incentive payments, and set forth the date, time, and place of the Fairness Hearing along with Class members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing. The Court further finds that the Settlement afforded Class members a reasonable period of time to exercise such rights. The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the United States Constitution and California Constitution.

**8.     Notices Pursuant to 28 U.S.C. § 1715.** The Court finds that Boiron has satisfied all notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, as attested to by the Sherwood Declaration. On March 16, 2012, at Boiron's direction, Gilardi & Co. served the notices required by 28 U.S.C. § 1715(b), which included a copy of the Settlement Agreement and other required documents, as well as notice of the date, time, and place of the Fairness Hearing. The Court has received no objection or response to the Settlement agreement by any federal or state official, including any recipient of the foregoing notices, which further supports the fairness of the

Settlement.

**9.     Implementation of Settlement.** The parties are directed to implement the Settlement according to its terms and conditions.

**10.     Appeal after Implementation.** Any Class Member who failed to timely and validly object to the Settlement has waived any objection. Any Class Member seeking to appeal the Court's rulings must: (a) move to intervene upon a representation of inadequacy of counsel (if they did not object to the proposed Settlement under the terms of the Settlement); (b) request a stay of implementation of the Settlement; and (c) post an appropriate bond. Absent satisfaction of all three requirements, Boiron is authorized, at its sole option and in its sole discretion, to proceed with the implementation of the Settlement, including before the Effective Date.

**11.     Release.** The Release set forth in the Settlement is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and forever discharges the Released Parties from any claims or liabilities released by the Settlement, including the Released Claims. This Release covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel, the Settlement of this Action, the administration of such Settlement, and the Released Claims, except to the extent otherwise specified in this Order and the Settlement.

**12.     Binding Affect and Permanent Injunction.** The Settlement and this Final Order and Judgment shall be forever binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law. The Court hereby permanently enjoins all Class Members from filing, commencing, prosecuting, intervening in, maintaining, participating (as class members or otherwise) in, or receiving any benefits from, any lawsuit (including putative class action lawsuits), arbitration, administrative or regulatory proceeding or order in any jurisdiction asserting any claims released by this Order; and from organizing Class Members into a

separate class to pursue as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this Order. Nothing in this paragraph, however, shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members. Boiron shall have the right to file motions or to take other actions to enforce the release provisions of the Settlement and of this injunction, as it may deem appropriate. The Court finds that issuance of this permanent injunction is necessary and appropriate in the aid of the Court's jurisdiction over the action and its judgments.

**13.   Attorneys' Fees and Litigation Expenses.**

The Court orders that Class Counsel is entitled to an award of reasonable attorneys' fees and litigation expenses incurred in connection with the action and in reaching this Settlement, to be paid at the time and in the manner provided in the Settlement.  The Ninth Circuit has determined that 25% of the recovery is a "benchmark" award for class action cases, and recognized that percentage fees in the range of 20-30% are generally appropriate. Hanlon, 150 F. 3d at 1029; Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir.1990).  Although Class Counsel seeks an upward adjustment of the 25% benchmark to 30% of the common fund, this Court finds a benchmark award of 25% of the common fund is proper and reasonable here. Based on the results obtained here, the experience and skill of Counsel, the complexity of issues, the risk of non-payment and preclusion of other work, and the reaction of the Class, this Court finds 25% to be an appropriate benchmark.

The Court finds that the evidence of public interest groups petitioning the Food and Drug Agency to require greater disclosure on over-the-counter homeopathic drug labels sufficiently proves the satisfactory results achieved for this Class of over-the-counter homeopathic drug purchasers.   Accordingly, this Court finds the benchmark 25% award reasonable. The Court also finds that an award of reasonable attorneys' fees and litigation expenses is appropriate based on the private attorney general doctrine and Code of Civil

Procedure §1021.5, and the Court's equitable powers under California law.

Applying the percentage of the common fund method is appropriate in this case. The common fund is of an amount certain, rendering application of the percentage method appropriate. The Court finds the common fund method to be reasonable, and awards to Class Counsel, attorneys' fees in the amount of $1,250,000, which represents twenty-five percent (25%) of the common fund.  The Court further finds that the amount awarded to Class Counsel is reasonable pursuant to Class Counsel's hours spent successfully prosecuting this action, hourly billing rates in this action, and prevailing billing rates for comparable work in this district, as set forth below:

A. The Court finds the following hourly billing rates reasonable in light of the complexity of this litigation, the work performed, Class Counsels' reputation, experience, competence, and the prevailing billing rates for comparably complex work by comparably-qualified counsel in the relevant market:

1. For Ronald A. Marron, $650 per hour;
2. For Greg Weston, $525 per hour;
3. For Jack Fitzgerald, $525 per hour;
4. For Courtland Creekmore, $500 per hour;
5. For Beatrice Skye Resendes, $385 per hour;
6. For Maggie K. Realin, $375 per hour;
7. For Melanie Persinger, $300 per hour;
8. For future attorney time in connection with settlement administration, $350 per hour.

B. The $215 and $195 hourly billing rate for work performed by certified paralegals and law clerks requested by the Marron Firm and Weston Firm, respectively, are likewise reasonable. Paralegal time, which is normally billed to fee-paying clients, is properly included and reimbursable under a lodestar analysis. *See, e.g.*, United Steelworkers v. Phelps Dodge Corp., 896 F. 2d 403, 407-408 (9th Cir. 1990).

C. The time declared to have been expended by Class Counsel is reasonable in amount in view of the complexity and subject matter of this litigation, the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class.

Based on the declarations of Class Counsel submitted in support of the Fee Motion, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses (paid and un-reimbursed, or currently due) in the amount of $9,782.96. This Court finds said expenses were of a nature typically billed to fee-paying clients, and that said expenses are recoverable or were reasonable and necessary to the prosecution of this action in light of the extent of proceedings both on and off the Court's docket, the complexity of the legal and factual issues in the case, the amount at stake in this litigation, and the vigorous efforts of counsel for all Parties herein. The Court finds these expenses are reasonable in this case, and shall be paid from the Settlement Fund in the time and manner provided in the Settlement Agreement.

No Named Plaintiff, or any other Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Action.

**14. Named Plaintiffs' Incentives.** The Named Plaintiffs in this action have actively participated in and assisted Class Counsel with this litigation for the substantial benefit of the Class despite facing significant personal limitations. Each has waived his or her right to pursue potential individual claims or relief in the Action. Apart from these incentives, the Named Plaintiffs will receive no settlement payments or benefits of any nature other than their share of the Settlement relief available to the Class generally. The Court hereby approves incentive awards for each of the Named Plaintiffs, to be paid at the time and in the manner provided in the Settlement. The amount of the incentive awards shall be $3,500 for Salvatore Gallucci, and $1,000 for each of the remaining four Named Plaintiffs. Mr. Gallucci's higher incentive award is justified because he was a Plaintiff in this action for approximately seven months longer than the other Plaintiffs, was actively

involved throughout, and contributed substantial time and expense in seeing this action to fruition. The Court approves these incentive payments to compensate the Named Plaintiffs for the burdens of their active involvement in this litigation and their commitment and effort on behalf of the Class.

**15.    Class Member Objections.** Having considered the three written objections, *see* Docs. 96, 97 & 102, the Parties' written response to these objections, the oral argument at the Fairness Hearing, and the entire record in this action, the Court sustains in part and overrules in part the objections.

First, the objectors have put forth no credible evidence of collusion to support their arguments of collusion and, as fully addressed previously, the Court finds no evidence of collusion. Second, the Objectors have raised no valid concerns regarding the adequacy of the relief the Settlement provides. The Court has found that the proposed Settlement Agreement provides fair and adequate monetary and injunctive relief. The $5,000,000 Settlement Fund is adequate taking into account the weakness in Plaintiffs case along with the strength of Defendants' defenses and the obstacles to class-wide recovery. Further, Defendants' agreement to modify the Products' label and packaging, website, and advertising adequately addresses the claims raised in Plaintiffs' complaint and provides significant value to the Class.

Third, the Court is not persuaded by the Objectors' arguments concerning the Notice. This Court finds the Notice was fair, reasonable and adequate and provided the best practicable Notice to the class in compliance with all applicable laws. The fact that the chosen Administrator could effectuate notice in a manner widely approved for classes such as this one where names of individual class members are unknown, for a cost less than other more expensive administrators, is a benefit to the Class, and not objectionable. The Notice in this case also included statutory newspaper publication within the State of California pursuant to California Civil Code § 1781.  As such, the Notice to the Class comported with due process.

The Court also rejects Objectors' argument that the release is overbroad. A majority

of circuits, including the Ninth Circuit, uphold the release of claims that are based on the same factual predicate as the claims asserted in the complaint. <u>Class Plaintiffs v. City of Seattle</u>, 955 F.2d 1268, 1287 (9th Cir. 1992). The interests of Plaintiffs are aligned with the interests of the Class, and Plaintiffs are part of the Class they represent. The Objectors other arguments as to the release are without merit and are overruled.

Finally, the Objectors raised two objections regarding the Fee Motion, that the fee is not reasonable and that the Court must use a lodestar, rather than the percentage of the common fund method in determining Class Counsel's fee. As previously discussed, this Court has found Class Counsel's request to raise the benchmark fee award to 30% is not appropriate in this case. Thus, to the extent the Objectors object to the reasonableness of the fee award on this basis, the objection is sustained. However, this Court finds that the percentage of the common fund method is the appropriate measure here and, therefore overrules the objections on that basis.

**16. Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement, if such changes are consistent with this Order and do not limit the rights of any person or Class Member entitled to relief under this Agreement.

**17. Enforcement of Settlement.** Nothing in this Final Order shall preclude any action to enforce or interpret the terms of the Settlement. Any action to enforce or interpret the terms of the Settlement shall be brought solely in this Court.

**18. Retention of Jurisdiction.** The Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and this Final Order, and for any other necessary and appropriate purpose.

**19. No Admissions.** This Final Order and Judgment and the Settlement, all provisions and all other documents referred to in each of them, any actions taken to carry out this Final Order and Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them, if any, shall not be construed as, offered as, received as,

used as, or deemed to be an admission or evidence of any kind, including in this Action, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Action, enforcement or implementation of the Settlement, or to support any defense by Boiron based on principles of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion, release, injunction, or similar defense or counterclaim to the extent allowed by law. Neither the Settlement Agreement nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Boiron or as a waiver by Boiron of any applicable defense, including without limitation any applicable statute of limitation.

**20.  Dismissal of Action.** This action, including all individual and Class claims resolved in it, shall be dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order.

DATED:     October 31, 2012

JOHN A. HOUSTON
United States District Judge